UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**HORTENCIA BUSTAMANTE BRITO, et al.,**<br><br>Defendants. | Case No. EDCV 09-01209 WDK(FMOx)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

Default having been entered in this action against Defendants Hortencia Bustamante Brito, individually and d/b/a Los Picantes Restaurant on August 7, 2009 and Jose Bulmaro Brito, individually and d/b/a Los Picantes Restaurant on August 18, 2009, and the application for and declarations in support of default judgment having been filed on or about October 16, 2009, and having been served on Defendants and notice given and no appearance or response by the Defendants having been made in person or in writing, and Plaintiff having met all of the statutory requirements for an Application for Default Judgment, IT IS HEREBY ORDERED AND ADJUDGED that Default Judgment in the amount of $549.50 in

actual damages[1] ($54.95 per person x 10 individuals in actual attendance) plus $549.50 in punitive damages based on willfulness, an amount that is equal to one times the actual damages[2], is therefore GRANTED against Defendants Hortencia Bustamante Brito, individually and d/b/a Los Picantes Restaurant and Jose Bulmaro Brito, individually and d/b/a Los Picantes Restaurant. The Court further grants Plaintiff $309.90 in attorneys' fees pursuant to Local Rule 55-3, for a total of $1,408.90. Costs are to be submitted in cost bill.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: JUL - 2 2010

_William Keller_
United States District Judge

---

[1] Initially, the Court takes notice of *J&J Sports Productions, Inc., v. Ro*, 2010 WL 668065, *3-*4 (N.D.Cal.2010). This Court adopts that court's reasoning and finds that Plaintiff has failed to establish why damages should be analyzed under 47 U.S.C. 605 and not under 47 U.S.C. 553. *See Ro* at *3. Therefore, the Court examined Defendants' violation under 47 U.S.C. 553.

[2] The Court has determined that the proper measure of punitive damages based on willfulness is an amount equal to a multiple of actual damages. For guidance, the Court looks to statutes that grant punitive damages as a multiple of actual damages. *See, e.g.*, 15 U.S.C. § 15 (Antitrust)(treble damages); 18 U.S.C. § 1964(c) (Racketeer Influenced and Corrupt Organizations Act)(treble damages); 18 U.S.C. § 2318 (Trafficking Counterfeit Labels)(treble damages); 35 U.S.C. § 284 (Patent Infringement)(treble damages).