Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J&J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

       Plaintiff,

   vs.

HORTENCIA BUSTAMANTE BRITO, et al.,

     Defendants.

Case No.:  5:09-cv-01209-WDK-FMOx

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE DAMAGES AWARDED BY THIS COURT IN ITS JULY 2, 2010 ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

Date:   September 13, 2010
Time:  8:30 a.m.
Place:  Courtroom 1600
Judge:  Honorable William D. Keller

TO THE HONORABLE COURT, THE DEFENDANT, AND TO THEIR ATTORNEYS OF

RECORD:

      PLEASE TAKE NOTICE that on September 13, 2010, at 8:30 a.m. or as soon thereafter

as this matter may be heard in Courtroom 1600 of the United States District Court, Central

District of California, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff

J&J Sports Productions, Inc., by and through counsel, will move this Court to reconsider the

damages awarded to Plaintiff by this Court in its July 2, 2010 Order Granting Plaintiff's

Application for Default Judgment.

This Motion for Reconsideration will be made on the grounds that this Court's July 2,

2010 Order was clearly in error and demonstrates a manifest showing of a failure to consider

material facts presented to the Court before its decision.

This Motion will be based on this Notice of Plaintiff's Motion and Plaintiff's Motion for

Reconsideration, the Memorandum of Points and Authorities served and filed herewith, and such

further oral and documentary evidence or argument as may be presented at the hearing on

Plaintiff's Motion.


Dated:  July 30, 2010        */s/ Thomas P. Riley*
                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                By:  Thomas P. Riley
                Attorneys for Plaintiff
                J&J Sports Productions, Inc.

1

# TABLE OF CONTENTS

2

Page

3  **TABLE OF AUTHORITIES** . . . . . . . ii

4  **MEMORANDUM OF POINTS AND AUTHORITIES** . . . . 3

5  **STATEMENT OF THE ISSUE** . . . . . . . 3

6  **STATEMENT OF FACTS** . . . . . . . . 3

7  **LEGAL STANDARD** . . . . . . . . 3

8

9  **ARGUMENT** . . . . . . . . . 3

10  I.    THE AWARD OF DAMAGES IN THIS CASE WAS CLEARLY IN ERROR
       AS THE COURT APPLIED AN INCORRECT LEGAL STANDARD,
11     UTILIZED AN INCORRECT DAMAGES CALCULATION, AND FAILED
       TO CONSIDER MATERIAL FACTS NECESSARY TO A PROPER
12     DAMAGES CALCULATION. . . . . . . 3

13

14        A.    This Court Incorrectly Awarded Damages Under 47 U.S.C. § 553. . 5

15        B.    This Court's Damages Calculation Was Clearly Erroneous. . 7

16        C.    Plaintiff Is Entitled To Damages For Conversion. . . . 12

17  **CONCLUSION** . . . . . . . . . 13

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE DAMAGES
AWARDED BY THIS COURT IN ITS JULY 2, 2010 ORDER GRANTING PLAINTIFF'S
APPLICATION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**CASES**</u>

3

<u>389 Orange Street Partners v. Arnold,</u>
4
179 F.3d 656 (9th Cir. 1999)  .       .       .       .       .       .       .       .       4

5
<u>Danning v. Lavine,</u>
572 F.2d 1386 (9th Cir. 1978)      .       .       .       .       .       .       6
6

7
<u>Don King Productions/Kingvision v. Lovato,</u>
911 F.Supp. 419 (N.D.Cal.1995)      .       .       .       .       .       13

8
<u>Entertainment by J & J Sports, Inc. v.. Montecinos,</u>
9
2002 WL 1735384 (N.D.Cal. July 25, 2002) .       .       .       .       .       10

10
<u>Geddes v. United Financial Group,</u>
559 F.2d 557 (9th Cir. 1977) .       .       .       .       .       .       .       13
11

12
<u>G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,</u>
958 F.2d 896, 906 (9th Cir. 1992)     .       .       .       .       .       .       12
13

14
<u>J & J Sports Productions, Inc. v. Esquivel,</u>
2008 WL 4657741 (E.D.Cal. Oct. 20, 2008) .       .       .       .       .       9

15
<u>J & J Sports Productions, Inc. v. Lopez,</u>
16
2008 WL 2915109 (E.D.Cal. July 25, 2008) .       .       .       .       .       9

17
<u>J & J Sports Productions, Inc. v. Manzano,</u>
2008 WL 4542962 (N.D.Cal. Sept. 29, 2008).       .       .       .       .       5
18

19
<u>J & J  Sports Productions, Inc. v. Medinarios,</u>
2008 WL 4412240 (N.D.Cal. Sept. 25, 2008).       .       .       .       .       10
20

21
<u>J & J Sports Productions, Inc. v. Ribeiro,</u>
562 F.Supp.2d 498 (S.D.N.Y. 2008)  .       .       .       .       .       .       9

22
<u>J & J Sports Productions, Inc. v. Ro,</u>
23
2010 WL 668065 (N.D.Cal. Feb. 19, 2010) .       .       .       .       .       5-6

24
<u>J & J Sports Productions, Inc. v. Rodriguez,</u>
2010 WL 796942 (E.D.Cal. March 5, 2010)  .       .       .       .       .       10
25

26
<u>J & J Sports Productions, Inc. v. Sin Fronteras Restaurant,</u>
2010 WL 1565441 (E.D.N.Y. Feb. 23, 2010 .       .       .       .       .       7-8

27
<u>J & J Sports Productions, Inc. v. Villalobos,</u>
28
2009 WL 5030137 (E.D.Cal. Dec. 15, 2009)  .       .       .       .       .       10

<u>Joe Hand Promotions, Inc. v. Carranza,</u>
   2009 WL 4254460 (E.D.Cal. Nov. 24, 2009)  .        .        .        .        .        10

<u>Kingvision Pay-Per-View, Ltd. v. Chavez,</u>
    2000 WL 1847644 (N.D.Cal. Dec. 11, 2000)        .        .        .        .        13

<u>Kingvision Pay-Per-View, Ltd. v. Gutierrez,</u>
   544 F.Supp.2d 1179 (D.Colo. 2008)  .        .        .        .        .        .        11

<u>Krueger v. Bank of America</u>,
   (1983) 145 Cal.App.3d 204, 193 Cal.Rptr. 322        .        .        .        13

<u>Townsend v. Chase Bank U.S.A.,</u>
   2009 WL 764513 (C.D.Cal. March 20, 2009)        .        .        .        .        4


**STATUTES AND RULES**

United States Code

        15 U.S.C. § 15        .        .        .        .        .        .        .        .        12

        18 U.S.C. § 1964        .        .        .        .        .        .        .        12

        18 U.S.C. § 2318        .        .        .        .        .        .        .        12

        35 U.S.C. § 284        .        .        .        .        .        .        .        12

        47 U.S.C. § 605        .        .        .        .        .        .        .        passim

        47 U.S.C. § 553        .        .        .        .        .        .        .        passim

C.D. Cal. L.R. 7-18        .        .        .        .        .        .        .        .        4

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUE

Whether the damages awarded to Plaintiff by this Court in its July 2, 2010 Order Granting Plaintiff's Application for Default Judgment (hereinafter "Order") should be reconsidered and, ultimately, increased.

## STATEMENT OF FACTS

The underlying facts of this case are summarized in Plaintiff's Application for Default Judgment and supporting documentation thereto filed on October 16, 2009, (Docket No. 11), as well as the Affidavit of Joseph M. Gagliardi filed on October 21, 2009 (hereinafter "Plaintiff's Affidavit") (Docket No. 13) . These documents detailed the factual history of this case and the legal authority for this Court to award damages to Plaintiff for the unlawful interception of its Program, *"Lethal Combination": Manny Pacquiao v. David Diaz, WBC Lightweight Championship Fight Program* telecast nationwide on Saturday, June 28, 2008 (hereinafter the "Program"). Plaintiff incorporates those documents herein by reference. In the interest of judicial economy, Plaintiff focuses this Memorandum on those issues specifically relevant to this Motion for Reconsideration. In particular, Defendants' restaurant had a capacity of approximately 60 people, the Program was being displayed on a large screen television that was the main attraction of a room in Los Picantes Restaurant, and there were up to twelve people present in the establishment when Plaintiff's investigator made his observations. Declaration of Affiant Eli Gonzalez, p. 3 (hereinafter "Gonzalez Affidavit) (Docket No. 11-4). In addition, the commercial licensing fee for an establishment with a capacity between 51-100 patrons was $1,800.00. See Plaintiff's Affidavit, p. 10 (Exhibit 1).

## LEGAL STANDARD

A Motion for Reconsideration may be granted if "the district court is presented with newly discovered evidence, committed clear error, *or* if there is an intervening change in the

controlling law." <u>Townsend v. Chase Bank U.S.A.</u>, 2009 WL 764513, *1 (C.D.Cal. March 20, 2009), <u>quoting</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added).  In addition to the Ninth Circuit standard, Local Rule 7-18 provides that a motion for reconsideration may be made on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, *or* (b) the emergence of new material facts or a change of law occurring after the time of such decision, *or* (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18 (emphasis added).    As indicated by the use of the word "or" in both the standard as outlined by the Ninth Circuit and as outlined by the Local Rule, these requirements are disjunctive, and therefore it is only necessary for Plaintiff to satisfy one for reconsideration to be appropriate.

## **ARGUMENT**

I.      THE AWARD OF DAMAGES IN THIS CASE WAS CLEARLY IN ERROR AS THE COURT APPLIED AN INCORRECT LEGAL STANDARD, UTILIZED AN INCORRECT DAMAGES CALCULATION, AND FAILED TO CONSIDER MATERIAL FACTS NECESSARY TO A PROPER DAMAGES CALCULATION.

As discussed below, Plaintiff respectfully contends that this Court committed clear error and failed to consider material facts when it made its award of damages to Plaintiff.  In particular, this Court erroneously awarded damages under 47 U.S.C. § 553 when the evidence mandates an award under 47 U.S.C. § 605,  the damages award is too insignificant to have the desired deterrent effect necessary to prohibit this type of unlawful behavior engaged in by Defendants, and, additionally, the award does not compensate Plaintiff fully for its losses.  Moreover, established precedent demonstrates that the damages award was inadequate and clearly erroneous.  For the reasons set forth herein, therefore, Plaintiff respectfully requests that this Court reconsider and, correspondingly, increase its award of damages of $1099.00

(exclusive of attorneys' fees) entered on July 2, 2010. <u>See</u> <u>Order Granting Plaintiff's</u>

<u>Application for Default Judgment</u> (hereinafter "Order"), p. 2 (Docket No. 15).[1]

       A.    <u>This Court Incorrectly Awarded Damages Under 47 U.S.C. § 553.</u>

       This Court erroneously awarded damages under 47 U.S.C. § 553. <u>Order</u> at 2, n.1. In making this award, the Court took notice of the Honorable William Alsup's decision in <u>J & J</u> <u>Sports Productions, Inc. v. Ro</u>, 2010 WL 668065 (N.D.Cal. Feb. 19, 2010), in which the Northern District of California held that even though a cable box was not observed, it was appropriate to evaluate damages under 47 U.S.C. § 553.[2] <u>Id.</u> at *3. Plaintiff asks this Court to reconsider its reliance on <u>Ro</u> as the underlying rationale of <u>Ro</u> is faulty. In <u>Ro</u>, the uncontroverted evidence was that not only did the commercial establishment in question have a satellite dish, but there was no visible cable box . <u>See</u> <u>Id.</u> Notwithstanding this, the Northern District held that because Plaintiff was unable to prove there was "not a device out of view to receive cable transmissions," <u>id.</u>, it was appropriate to award damages under section 553.  As an initial matter, <u>Ro</u> places an unreasonable burden on Plaintiff to prove a negative. More importantly, however, it is contrary to logic to assert that the absence of a cable box trumps the existence of a satellite dish. At best, <u>Ro</u> establishes that damages are proper under *either* section 553 or section 605. If the absence of a cable box and the speculation that one might exist somewhere out of view can indicate a cable transmission, than the *presence* of a satellite dish certainly must be sufficient to indicate a satellite transmission.

_____

[1] A corresponding Judgment was also filed on July 2, 2010.  (Docket No. 16).

[2] It is generally understood that a signal pirate violates 47 U.S.C. § 605 if he intercepts a *satellite* broadcast, and violates 47 U.S.C. § 553 if he intercepts a *cable* broadcast. <u>See e.g.</u> <u>J & J Sports Productions, Inc. v. Manzano</u>, 2008 WL 4542962 at *2 (N.D. Cal. Sept. 29, 2008) (emphasis added).

Next, it appears that Judge Alsup took the extraordinary step of creating a hypothetical situation under which section 553 could apply so as to avoid being required to make a larger mandatory minimum damages award.  See Ro at *3.[3]  While Judge Alsup indicated that Plaintiff could have taken additional steps to clarify how the transmission was obtained, it is telling that nowhere does he indicate why it was *more* appropriate to evaluate the case under section 553.  Similarly, nowhere does the Ro Court explain why or how (or even if) it would be inappropriate to award damages under section 605 instead.  See id.  The Ro Court simply concludes that Plaintiff did not do an appropriate investigation and, "[t]herefore, the defendant's violation will be analyzed under section 553."  Id. at *3.  There is no authority linking a purported improper investigation to the conclusion that damages must be awarded under section 553.  Ultimately it appears that Judge Alsup was unhappy with Plaintiff and *chose* to evaluate the case under section 553 so that he could make a minimal award.[4]

In this case the investigator did not indicate the presence of either a satellite dish or a cable box.  See Gonzalez Affidavit.  In such a situation, damages would be available under either statute.  Here, as well pleaded facts are taken as true for purposes of a default judgment, Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), and Plaintiff has pled facts sufficient to establish a cause of action under section 605, see Complaint ¶¶ 9-18 (Docket No. 1), damages should have been awarded pursuant to section 605 as requested by Plaintiff.  Moreover, even under the rationale of Ro, damages may properly be awarded under section 605.  If the existence of a cable box may be presumed, so may the existence of a satellite dish (it is certainly possible that a satellite dish can be positioned such that it cannot be observed from street level.).

---

[3] Section 605 provides for a mandatory minimum damages award of $1,000, whereas section 553 provides for a mandatory minimum of only $250.00.  47 U.S.C. § 553(c)(3)(A)(ii); 47 U.S.C. § 605(e)(3)(C)(i)(II).

[4] Indeed, the Ro Court awarded only the minimum $250.00 in statutory damages to Plaintiff.  Ro at *4

If the case is properly evaluated under 47 U.S.C. § 605, at a minimum, this Court is obligated to make an award of $1,000 in statutory damages.  U.S.C. §605(e)(3)(C)(i)(II) ("the party aggrieved may recover an award of statutory damages for each violation . . . in a sum *not less than $1,000 . . .* ") (emphasis added).[5]  Here, the Court did not do so.  See Order at 1.  This alone constitutes a clear error by this Court and gives rise to grounds for reconsideration.  In addition, as discussed below, there is substantial precedent for a statutory award far greater than the minimum required.

  B.    This Court Damages Calculation Was Clearly Erroneous.

As indicated in its Order, this Court awarded "$494.55 in actual damages ($54.95 per person x 9 individuals in actual attendance) plus $494.55 in punitive damages based on willfulness, an amount that is equal to one times the actual damages."  Order, pp. 1-2.  In reaching its decision, this Court failed to consider the material facts attested to by Mr. Gagliardi regarding the expense of policing the behavior of pirate establishments.  Id. (¶¶ 5-6).

There are two prevailing methodologies utilized by courts to calculate damages awards in commercial piracy cases.  The first approach is to award damages based on the number of patrons in the establishment at the time of the violation multiplied by a fixed amount (as the Court did here).  The other approach is to award a flat sum of damages.  In this case, the decision of this Court to use a multiplier based on the residential rate of the Program was clearly in error.  The flaws inherent in the methodology that multiplies the number of patrons by the residential rate were recently discussed in J & J Sports Productions, Inc. v. Sin Fronteras Restaurant, 2010 WL 1565441 (E.D.N.Y. Feb. 23, 2010).  The Sin Fronteras Restaurant decision observed that utilizing the residential rate would "understate the seriousness of defendants' conduct . . . ,

---

[5] While the court has the authority to reduce an award to $250.00 if it finds that the violator had no reason to believe he was violating the statute, 47 U.S.C. §605(e)(3)(C)(iii), the award of enhanced damages based on willfulness renders this provision moot herein.

particularly since, as plaintiff contends, it has suffered intangible losses in the form of business investment, business opportunities, reputation, and goodwill." Id. at *8 (internal quotation omitted).  Similar concerns have been raised in this case.  See Plaintiff's Affidavit ¶¶ 10-12.  The Sin Fronteras Restaurant Court also acknowledged that, "legitimate commercial establishments will be unwilling and unable to compete financially with establishments such as that of the defendants, which offer the stolen programming to their customers for no fee [and that] Defendants' acts [] have contributed to the erosion of plaintiff's sales and of its customer base."  Sin Fronteras Restaurant at *8.  Once again, these same concerns have been raised herein.  See Plaintiff's Affidavit ¶¶ 10-12.

Moreover, utilizing the residential rate to calculate damages severely undercuts the deterrent impact that damages are designed to have.  As the Court noted in its Order, the residential rate of the Program was $54.95.  Order at 2.  By multiplying this rate by the number of patrons (10), the Court arrived at a damages award of $549.50.  Id.  This is only 1/3 of the amount Defendants would have been required to pay to obtain the Program lawfully.  See Plaintiff's Affidavit at 10.  With such a minimal punishment, it is financially beneficial for Defendants to pirate a broadcast.[6]

Next, as the following cases demonstrate, when a court makes a significant statutory damages award it may use a smaller enhanced damages multiplier (though there are cases where both substantial statutory damages are awarded and a large enhancement multiplier is employed); conversely, when a court makes a minimal statutory damages award, it uses a greater enhanced damages multiplier.  Here, this Court has done neither.  This Court made a nominal statutory damages award in the amount of $549.50, and an enhanced damages award of that

---

[6] In this case, even when damages for willfulness and attorneys' fees are taken into account the Defendants are only required to pay $1,408.90, Order at 2, which is still less than the lawful cost of the Program.

same amount.  <u>Order</u>, p. 1.  Under either method, the resulting damages have resulted in clear error and an injustice to Plaintiff.

In its Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment by the Court (hereinafter "Memorandum") (Docket No. 11-2), Plaintiff cited to several cases in which a smaller enhanced damages award was made, but only after a significant statutory damages award.  <u>See</u> <u>Memorandum</u>, pp. 6-8.  For example, in <u>J & J Sports Productions, Inc. v. Esquivel</u>, 2008 WL 4657741 (E.D.Cal. Oct. 20, 2008), the court awarded total damages of $30,000, which represented damages of $10,000 for violations of both 47 U.S.C. §§ 605 and 553, and an additional $10,000 in enhanced damages (which may be construed as awarding $5,000 in enhanced damages under both sections 605 and 553). <u>Id.</u> at *3. In <u>Esquivel</u>, the establishment in question had fewer than 50 patrons and the fight was being shown on one television screen.  <u>Id.</u>  Similarly, in <u>J & J Sports Productions, Inc. v. Lopez</u>, 2008 WL 2915109 (E.D.Cal. July 25, 2008), the Court also awarded $10,000 in damages under 47 U.S.C. § 605 and $5,000 in enhanced damages.  <u>Id.</u> at 4.  In both of these cases, while the enhancement may only have been 50% of the statutory award, the statutory award itself was significant; in fact, the statutory award was the maximum permissible.  <u>E.g.</u>  47 U.S.C. § 605(e)(3)(c)(i)(II).  Ultimately, in both cases, the court awarded a total of $15,000 for violations of section 605.

A case out of New York provides a good barometer for this Court to re-evaluate its award of damages.  <u>J & J Sports Productions, Inc. v. Ribeiro</u>, 562 F.Supp.2d 498 (S.D.N.Y. 2008).  The facts of <u>Ribeiro</u> are substantially similar to those here.  In <u>Ribeiro</u>, Plaintiff J & J Sports owned the exclusive distribution rights to the April 8, 2006 Floyd Mayweather / Zab Judah boxing match.  <u>Id.</u> at 500.  As was done here, in anticipation that establishments might attempt to obtain the signal illegally, Plaintiff hired investigators to visit locations throughout the New York City area that might be exhibiting the fight.  <u>Id.</u>  The investigator in the <u>Ribeiro</u>

case noted that there were 13 people in the establishment, <u>id.</u>, which is only one more person than was present at the establishment of Defendants herein.  See <u>Gonzalez Affidavit</u> at 3.

The <u>Ribeiro</u> Court reviewed similar cases and observed that typically three to six times the statutory damages are awarded as enhanced damages.  <u>Id.</u> at 502.  Similar multiples have been utilized by the California District Courts.  See <u>J & J Sports Productions, Inc. v. Medinarios</u>, 2008 WL 4412240 (N.D.Cal. 2008) (enhanced damages of five times the statutory damages award)[7]; <u>Entertainment by J & J, Inc. v. Montecinos</u>, 2002 WL 1735384, *1 (N.D.Cal. July 25, 2002) (enhanced damages of five times the statutory damages award); <u>J & J Sports Productions, Inc. v. Rodriguez</u>, 2010 WL 796942, *4 (E.D.Cal. March 5, 2010) (enhanced damages of four times the statutory award).  As noted in the <u>Montecinos</u> decision, the enhancement of five times was, "[t]o deter future willful violations."  <u>Montecinos</u>, 2002 WL 1735384 at *1.

Moreover, in two very recent cases a California District Court awarded *both* significant statutory damages and enhancement damages based on large multipliers.  See <u>Joe Hand Promotions, Inc. v. Carranza</u>, 2009 WL 4254460, *3 (E.D.Cal. Nov. 24, 2009) (awarding $10,000 in statutory damages and $90,000 in enhanced damages – a nine times multiplier); <u>J & J Sports Productions, Inc. v. Villalobos</u>, 2009 WL 5030137, *2 (E.D.Cal. Dec. 15, 2009) (awarding $10,000 in statutory damages and $70,000 in enhanced damages – a seven times multiplier).  While the capacity of the commercial establishment in <u>Carranza</u> was 250, <u>Carranza</u>, 2009 WL 4254460 at 3, (approximately four times the capacity of Defendants' restaurant), even 25% of the award in <u>Carranza</u> would still result in $2,500 in statutory damages and a $22,500 enhancement in this case.  The capacity of the commercial establishment in <u>Villalobos</u> was 150, <u>Villalobos</u>, 2009 WL 5030137 at *3,

---

[7] Due in part because there was no advertising for the fight in the establishment (similar to this case), the Court made what it considered to be a "modest" damages award.  <u>Id.</u> at 2-3.  Nonetheless, even a "modest" award resulted in five times enhanced damages.

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

which would result in a corresponding damages award herein of $4,000 in statutory damages and $36,000 in enhanced damages.

   The case of <u>Kingvision Pay-Per-View, Ltd. v. Gutierrez</u>, 544 F.Supp.2d 1179 (D. Colo. 2008), provides an example of a decision that adequately addressed both the statutory and enhanced damages question.  The investigator in the <u>Gutierrez</u> case noted that there were between 17 and 24 patrons at the establishment and the investigator did not pay a cover charge. <u>Id.</u> at 1182.  In addition, the investigator in <u>Gutierrez</u> did not notice any advertising for the program in questions.  <u>Id.</u>  Here, as noted in Mr. Gonzalez's Affidavit, there is no indication that Defendants advertised the Program.  <u>See</u> <u>Gonzalez Affiant</u>.  Moreover, as in <u>Gutierrez</u>, the number of patrons in the establishment was relatively low.

   In awarding damages, the <u>Gutierrez</u> Court noted that using a multiplier based on the number of people in the establishment would do little to deter future illegal activity, and that such damages would not fully represent the harm to the plaintiff.  <u>Id.</u> at 1184.  The Court, therefore, found that a statutory damages award of $5,000 was appropriate.

   Next, the <u>Gutierrez</u> Court evaluated the willfulness of the defendant's actions for the purposes of determining whether a damages enhancement was warranted.  <u>Id.</u> at 1185.  In particular, the Court considered, "the need for an award that will serve as a deterrent to future violations."  <u>Id.</u>  The Court found that the evidence against the defendant *did not* support a "substantial enhanced damages award" and, therefore, awarded "only" $15,000 in enhanced damages.  <u>See</u> <u>id.</u>  This is significant because in making its award of $15,000, the court noted several factors in *defendant's* favor (e.g., plaintiff's loss of revenue for one establishment was not significant, defendant did not require a cover charge, and defendant did not advertise the program).  <u>Id.</u>  By making such an award under circumstances that it did not consider to be egregious, the <u>Gutierrez</u> Court suggested that $15,000 in enhanced damages is a low threshold in this type of case.

With respect to the enhanced (or punitive) damages aspect of the award, this Court cited to four federal statutes that "grant punitive damages based on willfulness is as a multiple of actual damages." Id., citing 15 U.S.C. § 15 (Antitrust)(treble damages); 18 U.S.C. § 1964(c) (Racketeer Influenced and Corrupt Organizations Act) (treble damages); 18 U.S.C. §2318 (Trafficking Counterfeit Labels) (treble damages); and 35 U.S.C. § 284 (Patent Infringement) (treble damages). These statutes, however, are distinguishable from both 47 U.S.C. § 605 and 47 U.S.C. § 553 in that they all specifically provide that treble damages may or shall be awarded in certain circumstances. See 15 U.S.C. § 15(a) (" . . . shall recover threefold the damages by him sustained . . ."); 18 U.S.C. § 1964(c) (" . . . shall recover threefold the damages he sustains . . .); 18 U.S.C. § 2318(e)(3)(5) ("The court may increase an award of damages under this subsection by 3 times the amount that would otherwise be awarded . . ."); 35 U.S.C. § 284 ("the court may increase the damages up to three times the amount found or assessed . . .). 47 U.S.C. § 605 contains no such similar language. See 47 U.S.C. § 605 (e)(3)(c)(ii).[8] Moreover, while this Court cited to four distinct federal statutes that provide for treble damages, it did not provide any specific support for the award of a minimal one-time enhancement multiplier, which is the multiplier this Court chose to utilize. The decision of this Court to use a 1x multiplier based on distinguishable statutes constitutes a clear error of law; this is especially true in light of the clear precedent to award enhanced damages using at least a 3x multiplier. See supra, p. 10.

   C.   Plaintiff Is Entitled To Damages For Conversion.

      Although Plaintiff submitted evidence that the commercial license fee for Defendants' establishment was $1,800.00, Plaintiff's Affidavit at 10 (Exhibit 1), this Court did not make an award of conversion damages. In fact, notwithstanding Plaintiff's request for conversion

---

[8] Specifically, the section provides: "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section."

damages, this Court did not address conversion at all.  See Order.  "In California, conversion has three elements:  ownership or right to possession of property, wrongful disposition of the property right and damages."  G.S. Rasmussen & Assoc. v. Kalitta Flying Serv., 958 F.2d 896, 906 (9th Cir. 1992).  The specific type of property in question here, i.e., the exclusive right to distribute a closed-circuit program, has been found to be property for purposes of a conversion cause of action.  Don King Productions/Kingvision v. Lovato, 911 F.Supp. 419, 423 (N.D.Cal.1995).  The wrongful disposition of the property right is uncontested.  Moreover, as this is a default, the well-pled allegations of conversion are deemed true.  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).  In this case, therefore, Plaintiff has satisfied the first two elements of a claim for conversion.  See Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, *4 (N.D. Cal. Dec. 11, 2000).  With respect to the third element, damages for conversion are based on the value of the property at the time of the conversion (plus interest).  Cal. Civ. Code § 3336; see Krueger v. Bank of America, 145 Cal.App.3d 204, 215 (1983).  As noted above, the rate Plaintiff charged an establishment with a seating capacity of 60 to broadcast the Program was $1,800.00.  Under the circumstances, therefore, this Court should have awarded conversion damages in the amount of $1,800.00 and it was clearly erroneous of this Court not to do so.[9]

## CONCLUSION

This Court committed a clear error of law when it relied upon the Ro analysis to award damages under section 553.  In addition, this Court failed to consider material facts necessary to the determination of a proper damages award.  For the reasons set forth herein, therefore, Plaintiff respectfully requests that this Court reconsider the damages awarded in Its Order dated July 2, 2010, and increase both the statutory (actual) and enhanced (punitive) damages awarded

---

[9] Even the Ro Court awarded conversion damages based on the capacity of the establishment.  See Ro, 2010 WL 668065 at *4.

\

- 13 -

1   to Plaintiff in this case.  In addition, Plaintiff requests that this Court award damages for

2   conversion.

3

4          WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that its

5   Motion for Reconsideration be granted.

6                                        Respectfully submitted,

7

8

9                                        /s/ *Thomas P. Riley*
    Dated:  July 30, 2010               **LAW OFFICES OF THOMAS P. RILEY, P.C.**
10                                       By:  Thomas P. Riley
                                         Attorneys for Plaintiff
11                                       J&J Sports Productions, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On July 30, 2010, I served:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE DAMAGES AWARDED BY THIS COURT IN ITS JULY 2, 2010 ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Hortencia Bustamante Brito (Defendant)
13568 Sesame Road
Moreno Valley, CA 92555

Jose Bulmaro Brito (Defendant)
13568 Sesame Road
Moreno Valley, CA 92555

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 30, 2010, at South Pasadena, California.


Dated: July 30, 2010                          /s/ *Maria Baird*
                                              MARIA BAIRD