UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV09-1209-WDK (FMOx) | Date | December 22, 2010 |
|---|---|---|---|
| Title | J & J Sports Productions, Inc. v. Hortencia Bustamante Brito, et. al. | | |

| Present: The Honorable | William D. Keller, United States District Court Judge | |
|---|---|---|
| Patricia Gomez | Not Applicable | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Applicable | Not Applicable | |

**Proceedings:** (IN CHAMBERS): **PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DAMAGES AWARDED BY THIS COURT IN ITS JULY 2, 2010 ORDER** [#19]

## I. INTRODUCTION

This matter is before the Court on plaintiff's Motion for Reconsideration of the damages awarded by this Court in its order granting plaintiff's application for default judgment. Plaintiff filed the motion on July 30, 2010, and no opposition was filed. The Court has considered the papers filed in support of the motion, and deems this matter appropriate for resolution without oral argument. *See* L.R. 7-15.

On July 2, 2010, this Court granted plaintiff's application for default judgment, wherein the Court awarded plaintiff $549.50 in actual damages and $549.50 in punitive damages pursuant to 47 U.S.C. § 553. In addition, the Court awarded plaintiff attorneys' fees of $309.90 plus costs as determined by Local Rule 55-3.

## II. DISCUSSION

In its motion for reconsideration, plaintiff argues that the Court should have awarded damages under 47 U.S.C. § 605 instead of 47 U.S.C. § 553; incorrectly used the residential rate of the program at issue rather than its commercial rate to calculate actual damages; should have awarded more punitive damages and should have assessed additional damages for the tort of conversion. Mot. at 4-13.

As discussed in the Court's prior default judgment order, the Court adopts the court's reasoning in *J&J Sports Prods., Inc. v. Ro*, 2010 WL 668065, *3-4 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV09-1209-WDK (FMOx) | Date | December 22, 2010 |
|---|---|---|---|
| Title | J & J Sports Productions, Inc. v. Hortencia Bustamante Brito, et. al. | | |

2010), and finds that plaintiff has failed to establish why damages should be analyzed under 47 U.S.C. § 605 and not under 47 U.S.C. § 553. Specifically, plaintiff has not demonstrated that defendant intercepted a satellite broadcast to obtain the program at issue, as required to obtain damages pursuant to 47 U.S.C. § 605. *See Ro*, 2010 WL 668065, at *3. Moreover, because the Court may award actual damages to plaintiff under either statute, any error is harmless. *Compare* 47 U.S.C. § 605(e)(3)(C)(i)(I) *with* 47 U.S.C. § 553(c)(3)(A)(i).

The Court is not prepared to revisit its prior actual damages awards. However, upon further consideration of plaintiff's arguments, the Court is prepared to award damages based on the commercial rate of the program at issue in the future. Next, while punitive damages "may" be awarded by the Court "in its discretion" pursuant to 47 U.S.C. § 553(c)(3)(B), the Court is not persuaded by plaintiff to increase its award of such damages.

Finally, while it appears that defendant may be liable for the wrongful conversion of plaintiff's property, the Court declines to grant a duplicative actual damages award based on this additional theory of liability. *See Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-59 (Cal. 1993) ("Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence. . . . Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.").

### III. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for reconsideration.

IT IS SO ORDERED.

:

Initials of Preparer

PG